Kevin R. Anderson (4786)
Tami Gadd-Willardson (12517)
Ryan C. Cadwallader (13661)
Sarah L. Olson (14006)
OFFICE CHAPTER 13 TRUSTEE
405 South Main St., Suite 600
Salt Lake City, UT 84111
Telephone:   (801) 596-2884
Facsimile:    (801) 596-2898
Email: kratrusteemail@ch13kra.com

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| In re:<br><br>   RICK SIMMONS<br><br>Debtor. | Case No. 14-31041<br>Chapter 13<br>Hon. William T. Thurman<br>(Confirmation Hearing: *12/23/14 at 9:30 AM*) |
|---|---|

### TRUSTEE'S OBJECTION TO CONFIRMATION

This is an above-median case and the Debtor's plan provides for payments of $858.00 to return $7,000.00 to nonpriority unsecured creditors.  Kevin R. Anderson, Chapter 13 Trustee, hereby objects to confirmation of the Debtor's plan and in support thereof represents as follows:

1.      The Debtor(s) failed to provide at the 341 Meeting a copy of the most recent county property tax assessment (2014) for the real property listed on Schedule A; 1388 Quail Covey Circle, Riverton, Utah (see Local Rule 2083-1(c)).

2.      Schedules I & J show net disposable income that is greater than the plan payment. Therefore, the plan and/or Schedules I & J should be amended so that the plan payment is equal to the disposable income on Schedule J.

3. The Chapter 13 plan does not comply with §§ 1322(b) and 1325(a)(5) in that it does not provide for the following secured claims: Chrysler Capital.

4. Schedule H fails to list a complete mailing address for Co-Debtor Lacey Simmons.

5. The Trustee requests that the Debtor provide a statement regarding the disposition of the 401(k) Loan Proceeds and evidence as to the date they were received and what proceeds were used for. The Trustee reserves the right to raise any objections under the best-interest-of-creditors test of § 1325(a)(4) once these documents are received.

6. Schedule B fails to properly value the following property of the estate: 2006 Dodge Ram.

7. The Trustee requests the Debtor provide the Trustee with verification regarding the value of the 2006 Dodge Ram.

8. The Debtor(s) are not complying with the disposable-income test of § 1325(b)(1)-(2) because the plan proposes to retain and pay for the following collateral that does not appear to reasonably necessary for the Debtor(s)' maintenance and support: 2 vehicles (2006 Dodge Ram and 2012 Jeep Wrangler).

9. The Debtor(s) are not complying with the disposable income requirements of § 1325(b). The filed Form 22C shows Monthly Disposable Income of $193.54 that requires a total return of $11,012.40 to nonpriority unsecured creditors. However, the Debtor(s)' plan only proposes a return of $7,000.00.

THEREFORE, the Trustee objects to confirmation of the Debtor's plan.  If the Debtor is unable to resolve the Trustee's objection by the confirmation hearing, the Trustee will move to dismiss or convert this case.

DATED: November 26, 2014.

> /s/
> Attorney for Trustee

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 26, 2014, a true and correct copy of the foregoing paper was served electronically via CM/ECF to the persons listed below.

> STEPHEN M. ENDERTON
> ECF NOTIFICATION

The undersigned hereby certifies that on November 26, 2014, a true and correct copy of the foregoing paper was addressed to the following persons and deposited in the U.S. Mail, first-class postage prepaid.

> RICK SIMMONS
> 1381 QUAIL COVEY CIRCLE
> RIVERTON, UT 84065

> /s/
> Office Chapter 13 Trustee