Kevin R. Anderson (4786)
Tami Gadd-Willardson (12517)
Ryan C. Cadwallader (13661)
Sarah L. Olson (14006)
OFFICE OF THE CHAPTER 13 TRUSTEE
405 South Main Street, Suite 600
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: kratrusteemail@ch13kra.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| IN RE: RICK SIMMONS | CASE NO: 14-31041 |
|---|---|
|  | Chapter 13 |
| Debtor | Hon. WILLIAM T. THURMAN |

**TRUSTEE'S CONTINUING OBJECTION TO CONFIRMATION**

KEVIN R. ANDERSON, Chapter 13 Trustee, hereby objects to confirmation based on the following unresolved issues:

1. The Debtor filed an amended plan but did not file the Notice of Amended Plan required by the Court that summarizes the changes to the plan and, if appropriate, setting a new deadline for creditors to object.

2. According to the 2014 property tax assessment, the property disclosed on schedule 'A' is worth $213,200.00. The Trustee requests the Debtor to update schedule 'A' or provide evidence to support the amount listed on schedule 'A'.

**Restatement of Outstanding Issues from Prior Objections:**

1. Schedules I & J show net disposable income that is greater than the plan payment. Therefore, the plan and/or Schedules I & J should be amended so that the plan payment is equal to the disposable income on Schedule J.

2. The Chapter 13 plan does not comply with §§ 1322(b) and 1325(a)(5) in that it does not provide for the

following secured claims: Chrysler Capital. The plan missclassifes the debt as a lease (direct pay in paragraph 7). Claim no. 1 filed by Santander shows the debt is actually a co- purchase for a 2012 Jeep (purchased 7/2/2014 with payments of $642.44 per month). The Debtors schedules and plan should be amended to the proper schedules and paragraphs in the plan.

3. Schedule H fails to list a complete mailing address for Co-Debtor Lacey Simmons.

4. The Trustee requests that the Debtor provide a statement regarding the disposition of the 401(k) Loan Proceeds and evidence as to the date they were received and what proceeds were used for. The Trustee reserves the right to raise any objections under the best-interest-of-creditors test of § 1325(a)(4) once these documents are received.

5. Schedule B fails to properly value the following property of the estate: 2006 Dodge Ram.

6. The Trustee requests the Debtor provide the Trustee with verification regarding the value of the 2006 Dodge Ram.

7. The Debtor(s) are not complying with the disposable-income test of § 1325(b)(1)-(2) because the plan proposes to retain and pay for the following collateral that does not appear to reasonably necessary for the Debtor(s)' maintenance and support: 2 vehicles (2006 Dodge Ram and 2012 Jeep Wrangler).

8. The Debtor(s) are not complying with the disposable income requirements of § 1325(b). The filed Form 22C shows Monthly Disposable Income of $193.54 that requires a total

return of $11,012.40 to nonpriority unsecured creditors. However, the Debtor(s)' plan only proposes a return of $7,000.00.

THEREFORE, the Trustee has an ongoing objection to the confirmation

DATED: December 09, 2014

KRA /s/
Kevin R. Anderson, Esq.
Standing Chapter 13 Trustee

CERTIFICATE OF MAILING

The undersigned hereby certifies that true and correct copy of the foregoing Trustee's Continuing Objection to Confirmation was served upon all persons entitled to receive notice in this case via ECF notification or by U.S. Mail to the following parties on December 09, 2014:

STEPHEN M. ENDERTON, ECF NOTIFICATION